IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| C. KAUI JOCHANAN AMSTERDAM,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>OFFICE OF HAWAIIAN AFFAIRS; HAUNANI APOLIONA, Chairperson,<br><br>　　　　Defendants. | CV. NO. 10-00525 DAE-BMK |

ORDER: (1) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE; (2) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS;
<u>AND (3) VACATING HEARING</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motion and the supporting memorandum, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint and **DENIES WITHOUT PREJUDICE** Defendants' Motion for Judgment on the Pleadings (Doc. # 11). The Hearing on the Motion is hereby **VACATED**.

BACKGROUND

On September 13, 2010, Plaintiff C. Kaui Jochanan Amsterdam, proceeding pro se, filed a Complaint ("Compl.," Doc. # 1) and Motion for Temporary Restraining Order (Doc. # 2).[1]  Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis.  (Doc. # 5.)  The crux of Plaintiff's Complaint, as best this Court can discern, is that Defendant Office of Hawaiian Affairs and Defendant Haunani Apoliona (collectively, "Defendants") have allegedly excluded Plaintiff and other Kanaka Maoli from receiving funds to lobby the United States Congress and other government officials in violation of the First and Fourteenth Amendments.  (Compl. at 1–2.)

On September 17, 2010, the Court denied Plaintiff's Motion for a Temporary Restraining Order.  (Doc. # 6.)  The same day, Magistrate Judge Barry M. Kurren granted Plaintiff's Motion to Proceed in Forma Pauperis.  (Doc. # 7.)  On October 25, 2010, Defendants filed a Motion for Judgment on the Pleadings ("Mot.," Doc. # 11.)  Plaintiff did not file an Opposition.  On March 1, 2011, Defendants filed a Reply.  ("Reply," Doc. # 18.)

---

[1] The Court notes that this is not the first time that Plaintiff has filed suit in this district.  Plaintiff has filed suit on at least two other occasions.  (See Amsterdam v. Yoshina, 1:06-cv-00519-HG-BMK; Amsterdam v. KITV 4, 1:10-cv-00253.)

STANDARD OF REVIEW

I.   Motion for Judgment on the Pleadings

Rule 12(c) states, "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is properly granted when the court, accepting all the allegations in the pleadings as true and construing them in the light most favorable to the nonmoving party, concludes that the moving party is entitled to judgment as a matter of law. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). No issue of material fact may be in dispute. Id.

When Rule 12(c) is used to raise the defense of failure to state a claim upon which relief can be granted, the standard governing the Rule 12(c) motion for judgment on the pleadings is the same as that governing a Rule 12(b)(6) motion. See McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988); Luzon v. Atlas Ins. Agency, Inc., 284 F. Supp. 2d 1261, 1262 (D. Haw. 2003). As a result, a motion for judgment on the pleadings for failure to state a claim may be granted "'only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" McGlinchy, 845 F.2d at 810 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference

between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog.").

Thus, "[a] judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., 132 F.3d 526, 528 (9th Cir. 1997) (citing McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996)). "Not only must the court accept all material allegations in the complaint as true, but the complaint must be construed, and all doubts resolved, in the light most favorable to the plaintiff." McGlinchy, 845 F.2d at 810.

To withstand a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has "facial plausibility" if the plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1940. Although the court must accept all well-pleaded factual allegations as true, "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Nor must the court "accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555).

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). The pleadings are closed once a complaint and an answer have been filed, assuming that there is no counterclaim or cross-claim. Doe v. United States, 419 F.3d 1058, 1061 (9th Cir. 2005).

II.     Federal Rules of Civil Procedure 8 and 12

The court may dismiss a complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim sua sponte for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases sua sponte pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). Additionally, a paid complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process. Franklin v.

Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); see also Fed. R. Civ. P. 12(h)(3); Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."); Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995) ("[D]ismissal of Branson's complaint was required because the district court lacked subject matter jurisdiction . . . .").

The court may also sua sponte dismiss a complaint for failure to comply with Federal Rule of Civil Procedure ("Rule") 8. Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969); Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (stating that a district court has the power to sua sponte dismiss a complaint for failure to comply with Rule 8 where the complaint is so confused, ambiguous, or unintelligible that its true substance is well disguised); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet

6

without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]").

Put slightly differently, a district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed. See McHenry, 84 F.3d at 1178–80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); cf. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." McHenry, 84 F.3d at 1179.

7

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

## DISCUSSION

I. Sua Sponte Dismissal of Plaintiff's Complaint

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." (citation omitted)). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citation and quotation omitted), superceded by statute, Lopez v. Smith, 203 F.3d 1122, 1126–30 (determining that a district court retains its discretion to dismiss a pro se prisoner's in forma pauperis complaint with or without leave to amend under the Prisoner's Litigation Reform

8

Act)).  However, "[p]ro se litigants must follow the same rules of procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.  1987).

        Here, Plaintiff's Complaint is confusing at best.  Plaintiff has not clearly identified any causes of action that he is asserting.  In total, Plaintiff's Complaint is two paragraphs long and extraordinarily difficult to understand.  As noted, the crux of Plaintiff's argument seems to be that the Defendants have violated the First and Fourteenth Amendments by engaging in "exclusionary action."  (Mot. at 1–2.)  Specifically, Plaintiff alleges that Defendants have not dispersed moneys to Plaintiff and have thereby prevented him "from going to Washington DC and lobbying members of the United States Congress" to vote against the Native Hawaiian Government Reorganization Act   (Mot. at 1.)  "Such promotional, discriminatory action," according to Plaintiff, "has been going on for several years and must stop."  (Id.)  Plaintiff goes on to state that this "exclusionary action" violates Plaintiff's First and Fourteenth Amendment rights.  (Id. at 2.) Plaintiff concludes by stating, "I respectfully acknowledge OHA and request the Honorable Hawaii Federal District Court to uphold the civil and human rights of Kanaka Maoli."  (Id.)

Plaintiff has not provided any specific facts as to how the Defendants have violated his First and Fourteenth Amendment rights. Nor does Plaintiff state why, how, or pursuant to what statute or act he is entitled to funds from the Defendants. Plaintiff states only that Defendants have engaged exclusionary conduct by funding other lobbyists in Washington, D.C. and that "[s]ome time ago" he requested funding and was denied it. (Id. at 1.) Aside from this, the Complaint is completely devoid of any facts or allegations that substantiate Plaintiff's claims. Even applying the most liberal of pleading standards, the Court simply cannot glean from the Complaint of what conduct Plaintiff specifically complains. These statements represent the full extent of Plaintiff's pleading of his causes of action. Plaintiff does not even provide the general elements of any legal claim. The Complaint lacks any coherent factual allegations to which Defendant might be able to provide counter arguments and evidence. Because Plaintiff's Complaint is so deficient, the Court cannot discern how Defendants allegedly violated his Constitutional rights. In sum, the Complaint fails to state a claim upon which relief may be granted and fails to provide Defendant notice of the basis of Plaintiff's claims against it.

Upon review of the record, and for the reasons above, the Court concludes that the Complaint fails to comply with Rule 8. The Complaint is

**DISMISSED WITHOUT PREJUDICE** with leave to amend no later than 30 days from the filing of this Order. Plaintiff is advised that the amended complaint must clearly state how Defendant has injured him, as required by Rule 8. The amended complaint must also clearly articulate what claims Plaintiff is bringing and what relief is being sought.

II.     Defendants' Motion

Defendants argue they are entitled to judgment on the pleadings because, as a state agency and as Chairperson of that agency, Defendants are afforded immunity from suit in the courts of the Untied States absent consent from the State of Hawaii per the Eleventh Amendment. (Mot. at 8–10.)

The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." Seven Up Pete Venture v. Schweitzer, 523 F.3d 948, 952 (9th Cir. 2008) (citing Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996)); see also Wolfson v. Brammer, 616 F.3d 1045, 1065 (9th Cir. 2010) (noting that the Eleventh Amendment "erects a general bar against federal lawsuits brought against

a state" (quotations omitted)). Indeed, "[t]he Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity." Wilbur v. Locke, 423 F.3d 1101, 1111 (9th Cir. 2005); see also Frew v. Hawkins, 540 U.S. 431, 437 (2004) (finding the Eleventh Amendment "confirms the sovereign status of the States by shielding them from suits by individuals absent their consent"). Thus, "[a]bsent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, 506 U.S. 139, 144 (1993) (quotations omitted).

For the purposes of the Eleventh Amendment, "'a suit [brought] against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.'" Schweitzer, 523 F.3d at 952 (quoting Will v. Mich. Dep't. of State Police, 491 U.S. 58, 71 (1989)). The United States Supreme Court, however, has recognized a narrow exception to this rule. The Court, in Ex Parte Young, 209 U.S. 123 (1908), held that the Eleventh Amendment does not bar a suit to enjoin the unconstitutional actions of a state official. Id. at 159–60. Indeed, a state official who acts in violation of federal law, though sued in his or her official capacity, is "stripped of his official or representative character" because "the state

has no power to impart to him any immunity from responsibility to the supreme authority of the United States." Id. This exception is limited to prospective injunctive relief only. Papasan v. Allain, 478 U.S. 265, 277–278 (1986). Thus, a suit against a state official for relief that "serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment[.]" Id. at 278; see also Wolfson, 616 F.3d at 1066 ("The Eleventh Amendment does not bar suits against a state official for prospective relief."); Wilbur, 423 F.3d at 1111 (finding the Eleventh Amendment does not bar a claim "for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law").

As noted, Defendants here contend that they are "entitled to judgment on the pleadings" because "sovereign immunity strips the Court of its jurisdiction." (Mot. at 10.) The Court believes it is premature to conclude that the Eleventh Amendment bars Plaintiff's claim. It is simply not clear to this Court what Plaintiff is alleging and what relief he seeks. Accordingly the Court cannot determine whether the Eleventh Amendment strips this Court of its jurisdiction.[2]

---

[2] Defendants also assert Defendant Apoliona has qualified immunity from Plaintiff's claims. In light of the foregoing, the Court declines to reach this issue.

Therefore the Court **DENIES WITHOUT PREJUDICE** Defendants' Motion for Judgment on the Pleadings.

CONCLUSION

For the reasons stated above, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint and **DENIES WITHOUT PREJUDICE** Defendants' Motion for Judgment on the Pleadings (Doc. # 11). The Hearing on the Motion is hereby **VACATED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 3, 2011.



David Alan Ezra
United States District Judge

Amsterdam v. Office of Hawaiian Affairs et al., CV No. 10-00525 DAE-BMK; ORDER: ORDER: (1) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE; (2) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS; AND (3) VACATING HEARING.