IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| C. KAUI JOCHANAN AMSTERDAM, | ) ) ) | CV. NO. 10-00525 DAE-BMK |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| OFFICE OF HAWAIIAN AFFAIRS, and all Trustees in their Individual and Official Capacity as Officers and Trustees; HAUNANI APOLIONA, Individually and in Official Capacity of Chairperson, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER: (1) DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT PREJUDICE; (2) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS; (3) VACATING HEARING; AND (4) STRIKING PLAINTIFF'S SECOND AMENDED COMPLAINT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motion and the supporting memorandum, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's First Amended Complaint and DENIES WITHOUT PREJUDICE Defendants' Motion

for Judgment on the Pleadings (Doc. # 25). The Hearing on the Motion is hereby VACATED and Plaintiff's Second Amended Complaint (Doc. # 31) is STRICKEN.

BACKGROUND

On September 13, 2010, Plaintiff C. Kaui Jochanan Amsterdam, proceeding pro se, filed a Complaint against Defendants Haunani Apoliona ("Apoliona") and the Office of Hawaiian Affairs ("OHA") (collectively, "Defendants") ("Compl.," Doc. # 1), and a Motion for Temporary Restraining Order (Doc. # 2).[1] Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis. (Doc. # 5.) On September 17, 2010, the Court denied Plaintiff's Motion for a Temporary Restraining Order. (Doc. # 6.) The same day, Magistrate Judge Barry M. Kurren granted Plaintiff's Motion to Proceed in Forma Pauperis. (Doc. # 7.) On October 25, 2010, Defendants filed a Motion for Judgment on the Pleadings. (Doc. # 11.)

On March 3, 2011, this Court filed an Order: (1) Dismissing Plaintiff's Complaint Without Prejudice; (2) Denying Without Prejudice

---

[1] The Court notes that this is not the first time that Plaintiff has filed suit in this district. Plaintiff has filed suit on at least two other occasions. (See Amsterdam v. Yoshina, 1:06-cv-00519-HG-BMK; Amsterdam v. KITV 4, 1:10-cv-00253.)

Defendants' Motion for Judgment on the Pleadings; and (3) Vacating Hearing. (Doc. # 20.) On the same day, Plaintiff filed a First Amended Complaint ("FAC"). (FAC, Doc. # 23.) The crux of Plaintiff's FAC, as best this Court can discern, remains that Defendants OHA and Apoliona, in both her official and individual capacities, have allegedly excluded Plaintiff and other Kanaka Maoli from receiving funds to lobby the United States Congress and other government officials in violation of the First and Fourteenth Amendments. (Compl. at 1–2.) On April 5, 2011, Defendants filed a renewed Motion for Judgment on the Pleadings ("Motion"). ("Mot.," Doc. # 25.) Plaintiff did not file an Opposition. On August 8, 2011, Defendants filed a Reply. ("Reply," Doc. # 30.) On August 15, 2011, Plaintiff filed a Second Amended Complaint. (Doc. # 31.)

## STANDARD OF REVIEW

I. <u>Motion for Judgment on the Pleadings</u>

Rule 12(c) states, "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is properly granted when the court, accepting all the allegations in the pleadings as true and construing them in the light most favorable to the nonmoving party, concludes that the moving party is entitled to

judgment as a matter of law.  Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).  No issue of material fact may be in dispute.  Id.

When Rule 12(c) is used to raise the defense of failure to state a claim upon which relief can be granted, the standard governing the Rule 12(c) motion for judgment on the pleadings is the same as that governing a Rule 12(b)(6) motion. See McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988); Luzon v. Atlas Ins. Agency, Inc., 284 F. Supp. 2d 1261, 1262 (D. Haw. 2003).  As a result, a motion for judgment on the pleadings for failure to state a claim may be granted "'only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.'"  McGlinchy, 845 F.2d at 810 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also  Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog.").

Thus, "[a] judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law."  Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., 132 F.3d 526, 528 (9th Cir. 1997) (citing McGann v. Ernst & Young, 102 F.3d 390, 392 (9th

4

Cir. 1996)). "Not only must the court accept all material allegations in the complaint as true, but the complaint must be construed, and all doubts resolved, in the light most favorable to the plaintiff." McGlinchy, 845 F.2d at 810.

To withstand a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has "facial plausibility" if the plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1940. Although the court must accept all well-pleaded factual allegations as true, "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Nor must the court "accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555).

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). The pleadings are closed once a complaint and an answer have been filed, assuming that there is no counterclaim or cross-claim. Doe v. United States, 419 F.3d 1058, 1061 (9th Cir. 2005).

II.     Federal Rules of Civil Procedure 8 and 12

The court may dismiss a complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim sua sponte for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases sua sponte pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). Additionally, a paid complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process. Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); see also Fed. R. Civ. P. 12(h)(3); Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."); Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995) ("[D]ismissal of Branson's complaint was required because the district court lacked subject matter jurisdiction . . . .").

The court may also sua sponte dismiss a complaint for failure to comply with Federal Rule of Civil Procedure ("Rule") 8. Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969); Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (stating that a district court has the power to sua sponte dismiss a complaint for failure to comply with Rule 8 where the complaint is so confused, ambiguous, or unintelligible that its true substance is well disguised); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]").

Put slightly differently, a district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendants fair notice of

7

the wrongs they have allegedly committed. See McHenry, 84 F.3d at 1178–80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); cf. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." McHenry, 84 F.3d at 1179.

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

## DISCUSSION

I.   Sua Sponte Dismissal of Plaintiff's First Amended Complaint

On March 3, 2011, the Court dismissed Plaintiff's Complaint allowing him leave to amend. Plaintiff, however, submitted his FAC to the Court on the same day, presumably before receiving the Court's order. Thus, Plaintiff's FAC was written prior to the Court's decision which pointed out the deficiencies in Plaintiff's pleadings. For that reason and the reasons set forth below, the Court again dismisses Plaintiff's FAC and allows him leave to amend. Further, the Court also strikes Plaintiff's Second Amended Complaint submitted August 15, 2011. (Doc. # 31.)

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." (citation omitted)). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citation and quotation omitted), superceded by statute, Lopez v. Smith, 203 F.3d 1122, 1126–30 (determining that a district

court retains its discretion to dismiss a pro se prisoner's in forma pauperis complaint with or without leave to amend under the Prisoner's Litigation Reform Act)). However, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Here, Plaintiff's FAC, although substantially lengthened from his Complaint, is again confusing and does not clearly identify any causes of action that he is asserting. Plaintiff spends the majority of his FAC asserting jurisdiction and standing before this Court. See (FAC at 2–5.) Plaintiff also cites a myriad of case law, but it is unclear to the Court how such cases are relevant to Plaintiff's action. Plaintiff's FAC, although now 8 pages long, remains extraordinarily difficult to understand. As in the previous Complaint, Plaintiff appears to be alleging that Defendants violated Plaintiff's right to free speech as protected by the First Amendment, Plaintiff's right to equal protection under the law as provided by the Fourteenth Amendment, and that Defendants breached Plaintiff's trust by "omitting or violating the rights of the Plaintiff who is a Beneficiary of the native Hawaiian trust requesting support and assistance with resources and finances . . . ." (Id. at 2.) Specifically, Plaintiff alleges that "Defendants have

been and are systematically preventing the Plaintiff and others like him from enjoying the same actions, resources, and rights . . . ." (Id. at 7.) Plaintiff seeks "funds and resources from the Defendants in order to advance our independent Hawaiian Government or Nation, to advance our Native Hawaiian or Kanaka Maoli self-determination, and to represent and assist other Native Hawaiians and Native Hawaiian governmental entities . . . ." (Id. at 6.)

Plaintiff clarifies in his FAC that he seeks redress against Apoliona in both her individual and official capacities, and that Plaintiff seeks to bring his claims under 42 U.S.C. § 1983. (Id. at 1, 4–5.) Regardless, Plaintiff still has not provided any specific facts as to how the Defendants have violated his First and Fourteenth Amendment rights. Indeed, Plaintiff entirely fails to support these claims with sufficient facts such that Defendants may discern the claims being stated against them. Plaintiff states only that he "and others like him are not allowed lacking [sic] the means to freely speak to Congressional Representatives and are thereby denied their right to free speech . . . and . . . equal protection by denying the important, worthwhile, and urgent [sic] needed resources from such US Congressional Representatives." (Id. at 6.) The FAC is completely devoid of facts or allegations substantiating Plaintiff's claim that Defendants are preventing

Plaintiff's access to Congressional Representatives. Even applying the most liberal of pleading standards, the Court, again, simply cannot glean from the FAC what conduct Plaintiff specifically complains of. As in Plaintiff's first complaint, he does not provide the general elements of any legal claim, and the FAC lacks any coherent factual allegations to which Defendants might be able to provide counter arguments and evidence. Because Plaintiff's FAC is so deficient, the Court cannot discern how Defendants allegedly violated his Constitutional rights. In sum, the FAC fails to state a claim upon which relief may be granted and fails to provide Defendants notice of the basis of Plaintiff's claims against them.

Upon review of the record, and for the reasons above, the Court concludes that the FAC fails to comply with Rule 8. The FAC is DISMISSED WITHOUT PREJUDICE with leave to amend no later than 30 days from the filing of this Order. Plaintiff is advised that an amended complaint must clearly state how Defendants have injured him, as required by Rule 8. The amended complaint must also clearly articulate what claims Plaintiff is bringing and what relief is being sought.

II. Defendants' Motion

Defendants' renewed Motion argues, amongst other things, that OHA is entitled to sovereign immunity from suit, that claims brought against Apoliona in

12

her official capacity require dismissal as they are duplicative of Section 1983 claims brought against OHA, and that Apoliana has qualified immunity from Plaintiff's claims. (Mot. at 8–17.) Although Defendants argue that they are entitled to judgment on the pleadings because Plaintiff's claims are "precluded by the Eleventh Amendment or Plaintiff's inability to state a prima facie claim," (Mot. at 1), the Court believes it is premature to reach Defendants' arguments. Despite Plaintiff having amended his complaint, it remains entirely unclear to the Court what Plaintiff is alleging and what relief he is seeking. Further, as stated above, Plaintiff is being provided the opportunity to amend his complaint after having received a decision from the court illuminating the deficiencies in his pleadings. Accordingly the Court DENIES WITHOUT PREJUDICE Defendants' Motion for Judgment on the Pleadings.

## CONCLUSION

For the reasons stated above, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's First Amended Complaint and DENIES WITHOUT PREJUDICE Defendants' Motion for Judgment on the Pleadings (Doc. # 25). The

Hearing on the Motion is hereby VACATED and Plaintiff's Second Amended Complaint (Doc. # 31) is STRICKEN.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, August 16, 2011.



David Alan Ezra
United States District Judge

Amsterdam v. Office of Hawaiian Affairs et al., CV No. 10-00525 DAE-BMK; ORDER: (1) DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT PREJUDICE; (2) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS; (3) VACATING HEARING; AND (4) STRIKING PLAINTIFF'S SECOND AMENDED COMPLAINT